# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LUIS WILLIAMS, | CV F 06 511 AWI SMS P |
|     Plaintiff, | ORDER DENYING MOTIONS |
|   v. | (Docs. 3, 4, 5, 6.) |
| TATE, et. al., | |
|     Defendants.                  / | |

     Antonio Luis Williams ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on April 28, 2006. Along with the Complaint, Plaintiff filed Motions to Proceed In Forma Pauperis, Motion requesting Assignment of Magistrate Judge to Preside and Issue Temporary Order of Injunctive Relief, Motion for Conference Settlement, Motion to Include Defendants, Motion to Appoint Counsel. The Court will resolve the Motion to Proceed In Forma Pauperis by separate order.

     The Motion requesting assignment of magistrate judge to preside is unnecessary as the Court, in its discretion will issue such an order. As such, the Motion will be disregarded. The request for injunctive relief will be resolved by a separate Findings and Recommendations issued concurrent with this Order.

     With regard to the Motion for Conference Settlement, Plaintiff's request is premature. The Court has a statutory obligation to first determine whether the Complaint states a cognizable

1

claim for relief. If the Complaint meets that requirement, the Court will then order that the Complaint be served on the Defendants. Until such time as Defendants make an appearance and any procedural issues are resolved, any request for settlement is premature. As such, the request will be DENIED.

Plaintiff's request to include Defendants will also be DENIED. To the extent Plaintiff wishes to include Defendants in the action, he must file an Amended Complaint. A plaintiff may amend his complaint once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a). Fed.R.Civ.P. 15(a); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). While the Court should freely give leave to amend if justice requires, the Court may deny leave to amend if the amendment would be futile or subject to dismissal. Bonn, 59 F.3d at 845; Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). Plaintiff is informed that any Amended Complaint must be complete in itself, without reference to prior pleadings, must clearly and boldly state "AMENDED COMPLAINT" and reference the assigned case number.

Plaintiff's request for the Appointment of Counsel is also DENIED. The Court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases. "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success of the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Terrell, 935 F.2d at 1017 (citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is

faced with similar cases almost daily.  At this stage in the proceedings the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims.  <u>Terrell</u>, 935 F.2d at 1017.

Accordingly, the Court HEREBY ORDERS:

1. The Motion for assignment of Magistrate Judge is DENIED as unnecessary;
2. The Motion for Settlement Conference is DENIED as premature;
3. The Motion to Include Defendants is DENIED; and
4. The Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

**Dated:   May 22, 2006**                    /s/ Sandra M. Snyder
icido3                                       UNITED STATES MAGISTRATE JUDGE