# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LUIS WILLIAMS,<br><br>           Plaintiff,<br><br>    v.<br><br>TATE, et. al.,<br><br>           Defendants.<br>_____/ | CV F   06 511 AWI SMS P<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER (Docs. 13, 15.) |

    Antonio Luis Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on April 28, 2006.

    On July 28, 2006, Plaintiff moved for a Temporary Restraining Order to stop harassment, etc. by certain correctional officers.  That same day, Plaintiff filed a Motion which he titles "Motin for Temporary Order" wherein he requests that the Court order the Correctional Institution to take photos of his right shoulder.

1

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a Plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the Plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the Plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the Plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this case, the Court has yet to screen the Complaint filed by Plaintiff to determine whether it states a cognizable claim for relief. Thus, Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against the named Defendants and the named Defendants have been served with the summons and complaint. At this juncture, the Motion for preliminary injunctive relief is premature. Plaintiff is cautioned to any further motions for preliminary injunctive relief that are filed before Defendants are served with process in this case will be denied as premature.

Plaintiff is also informed that a Temporary Restraining Order does not serve to prevent speculative injury in the form of harassment nor does it provide Plaintiff with photos in order to support his claims for relief.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed on December 10, 2001, be denied, without prejudice, as premature.

1        These Findings and Recommendations will be submitted to the United States District
2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
3   twenty (20) days after being served with these Findings and Recommendations, plaintiff may file
4   written objections with the court.  The document should be captioned "Objections to Magistrate
5   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
6   within the specified time may waive the right to appeal the District Court's order.  Martinez v.
7   Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 1, 2006**          /s/ Sandra M. Snyder
icido3                             UNITED STATES MAGISTRATE JUDGE