UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LUIS WILLIAMS, | 1:06-cv-00511-AWI-SMS-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING EMERGENCY MOTION FOR INJUNCTIVE RELIEF (Doc. 25.) |
| v. | |
| TATE, et. al., | OBJECTIONS, IF ANY, DUE IN TWENTY DAYS |
| Defendants. | |

Antonio Luis Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on April 28, 2006. Plaintiff filed an amended complaint on October 16, 2007.

On November 1, 2007, plaintiff filed an "emergency" motion for injunctive relief, requesting immediate medical treatment for a shoulder injury plaintiff alleges was a result of excessive physical force occurring at High Desert State Prison on May 14, 2002.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a Plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the Plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the Plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the Plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

1

1    "A federal court may issue an injunction if it has personal jurisdiction over the parties and

2    subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons*

3    *not before the court*." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.

4    1985) (emphasis added).

5    In this case, plaintiff filed an amended complaint on October 16, 2007.  The court has yet

6    to screen the amended complaint filed by plaintiff to determine whether it states a cognizable

7    claim for relief.  Thus, plaintiff is not entitled to preliminary injunctive relief until such time as

8    the court finds that his complaint contains cognizable claims for relief against the named

9    defendants and the named defendants have been served with a summons and the amended

10   complaint.  At this juncture, plaintiff's motion for preliminary injunctive relief is premature.

11   Plaintiff has been advised by prior court order that any further motions for preliminary injunctive

12   relief that are filed before defendants are served with process in this case will be denied as

13   premature.

14   Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's

15   "emergency" motion for preliminary injunctive relief, filed on November 1, 2007, be denied,

16   without prejudice, as premature.

17   These Findings and Recommendations will be submitted to the United States District

18   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

19   twenty (20) days after being served with these Findings and Recommendations, plaintiff may file

20   written objections with the court.  The document should be captioned "Objections to Magistrate

21   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

22   within the specified time may waive the right to appeal the District Court's order.  Martinez v.

23   Ylst, 951 F.2d 1153 (9th Cir. 1991).

24

25

26   IT IS SO ORDERED.

27   **Dated:    November 5, 2007**              /s/ **Sandra M. Snyder**
                                          UNITED STATES MAGISTRATE JUDGE
28