IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO LUIS WILLIAMS,            )<br>                                                         )<br>             Plaintiff,                           )<br>                                                         )<br>     v.                                               )<br>                                                         )<br>                                                         )<br>TATE, et. al.,                                   )<br>                                                         )<br>             Defendants.                     )<br>_____) | 1:06-CV-0511 AWI SMS P<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION TO RESCIND THE ORDER<br>REVOKING IFP<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION OF<br>THE ORDER DENYING IFP<br><br>[Documents #31 and #32] |

## BACKGROUND

Plaintiff Antonio Luis Williams ("Plaintiff") is a state prisoner proceeding pro se and has filed a petition for writ of habeas corpus pursuant to 42 U.S.C. § 1983.   The court found Plaintiff ineligible to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(g), the court vacated the November 10, 2005 order granting Plaintiff's application to proceed in forma pauperis, and the court ordered Plaintiff to submit the $350.00 filing fee in full within thirty (30) days.

On February 21, 2008, Plaintiff filed a motion for the court to rescind the order revoking Plaintiff's IFP status.   On February 24, 2008, Plaintiff filed a motion for reconsideration of the court's Oder revoking IFP.

## LEGAL STANDARD

Motions to reconsider are committed to the discretion of the trial court.   Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441

(D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). Reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).

## DISCUSSION

In both motions pending before the court, Plaintiff contends that the court erred by revoking Plaintiff's IFP status. Section 1915 of Title 28 of the United States Code provides that:

> [i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court found that Plaintiff had three or more actions dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted at the time this action was filed. The court also found that, in this action, Plaintiff did not allege imminent danger of serious injury. The motion for reconsideration does not contain any evidence or argument that Plaintiff has not had three actions dismissed or that the complaint alleges he is in imminent danger. Rather,

Plaintiff restates the underlying facts of the case and provides evidence that the FBI had told Plaintiff they would investigate this incident.  Such arguments are not grounds for reconsideration.

Plaintiff does point out that the complaint alleges that Defendants physically assaulted him and caused serious injury.  However, the motion for reconsideration does not provide evidence or argument that Plaintiff is *currently* in imminent danger or future injuries by Defendants.  Thus, Plaintiff cannot proceed IFP.

Plaintiff also claims that the court somehow erred by having the undersigned revoke Plaintiff's IFP instead of having the assigned Magistrate Judge issue Findings and Recommendations, to which Plaintiff could have filed objections. Local Rule 72-302(c)(17) provides that the assigned Magistrate Judge should perform any duties allowed under 28 U.S.C. § 636(b)(1) & (3) in cases brought by a person in custody who is seeking relief authorized by 42 U.S.C. § 1983.   However, Local Rule 72-302(d) provides that a District Court Judge may retain any matter otherwise routinely referred to a Magistrate Judge.   Thus, it was entirely proper for the undersigned to revoke IFP without awaiting for Findings and Recommendations from the assigned Magistrate Judge.  Accordingly,  the court finds that there are no grounds to grant reconsideration.

Accordingly, the court ORDERS that:

1. Plaintiff's motion to rescind the court's order revoking IFP is DENIED; and
2. Plaintiff's motion for reconsideration is DENIED;
3. Plaintiff SHALL submit the $350.00 filing fee in full within thirty (30) days;
4. If plaintiff fails to pay the $350.00 filing fee in full within thirty days, this action will be dismissed, without prejudice.

IT IS SO ORDERED.

**Dated:   March 5, 2008**              /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE